Reese, J.
delivered the opinion of the court.
The plaintiffs in error, were sued as the makers and endorsers of a promissory note, of which the defendant in error is the holder. Several objections are taken here to the proceedings in the court below:
1st. That the Notary was permitted to prove, that on the copy of the note, on the back of the protest, he made a mistake of the date, dating it in the copy on 22d November, 1844, (which had not yet arrived — a date impossible to be true,) instead of *336 22d November, 1843. His entry of the protest, read by him to the jury, had the correct date of the note, being the same as that of the note sued on. Similar corrections of the notarial record, furnished, as notice to the parties, have been often allowed, and are sanctioned by many authorities referred to in the argument. The court in such cases, taking care to leave the question properly to the jury, as to the identity of the instrument mentioned in the notice with that sued on, and as to whether the parties, notwithstanding such mistake, had substantial notice as to what security it was intended to fix their liability by the notarial protest actually furnished them.
As to Ross, an endorser, the proof was, that one Johnson, a messenger, on the proper day, gave the notice and protest to a boy at a school-house where Ross was teacher, and directed the boy to give it to Ross; that the boy took the paper and went into the school-house: and afterwards, Johnson asked Ross which of the boys it was, who gave him the paper? Ross said it was not his province to speak on the subject. .This would seem satisfactory evidence of the notice to be left to the jury. But after the commencement of the suit, and before the trial, Barker & Co., the makers, made a deed of assignment in trust, among other things, to indemnify Ross as endorser on this very note'} and Ross attended to the proof and registration of the deed. This deed, and these facts were given in evidence. And that is objected to. The evidence was competent, and tended to show that Ross knew, or believed, that his liability was fixed by the reception of the notice.
Upon the whole, this is a very clear case for the affirmation of the judgment below.